IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01643-MSK-MEH

PATRICK COLLINS, INC.,

    Plaintiff,

v.

JOHN DOES 1-18,

    Defendants.

---

## MINUTE ORDER

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on August 24, 2012.**

    Pending before the Court is Defendant John Doe 5's Motion to Quash or Modify Subpoena to Produce Documents, Information, or Objects to Permit Inspection of Premises in a Civil Action [filed August 22, 2012; docket #14]. Defendant Doe #5 asserts a privacy interest in her identity; however, she has filed with her motion a letter she received from Comcast containing her full name and address. (*See* docket #14-1.)

    In cases like the present matter where defendants object to the disclosure of identifying information but publicly provide the information in a motion to quash, courts have found that such motions may be rendered moot by the disclosure. *See First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 248 n.7 (N.D. Ill. 2011) (noting that defendants moving to quash subpoenas served on their internet service providers for their identifying information "may have very nearly rendered moot their own motions to quash" by filing the motions under their own names and addresses); *see also Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4, 577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) (finding that a motion to quash may be moot where a defendant seeking to protect her identity includes her name and address in the motion). Filing a motion under seal, as provided by D.C. Colo. LCivR 7.2B, is one way for a litigant to avoid publicly disclosing his or her identity. *See Achte/Neunte*, 736 F. Supp. 2d at 215 (distinguishing a defendant who filed his motion to quash under seal from defendants who filed their motions on the public record and finding that the former defendant's motion was not moot).

    The subpoena Doe #5 seeks to quash orders Comcast to produce the name, address, and telephone number associated with IP address 24.9.108.204. (*See* docket #14-1 at 2.) Although Doe #5 contests the extent to which an IP address may be used to identify an actual copyright infringer, she does not deny that the IP address listed in the subpoena is her own. In light of Doe #5's disclosure of the most critical information sought in the subpoena, Court finds that any ruling on the merits of Defendant John Doe 5's Motion to Quash would provide little, if any, practical protection

for the privacy interests Doe #5 asserts therein.  Therefore, Defendant John Doe 5's Motion to Quash or Modify Subpoena to Produce Documents, Information, or Objects to Permit Inspection of Premises in a Civil Action [filed August 22, 2012; docket #14] is **denied as moot**.